BORDIN SEMMER LLP
Joshua Bordin-Wosk, State Bar No. 241077
jbordinwosk@bordinsemmer.com
Andrei V. Serpik, State Bar No. 301260
jspearman@bordinsemmer.com
Howard Hughes Center
6100 Center Drive, Suite 1100
Los Angeles, CA 90045
Phone: (323) 457-2110
Fax:    (323) 457-2120

Attorneys for Defendant,
CVS HEALTH SOLUTIONS LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> CVS HEALTH SOLUTIONS LLC, a Delaware corporation, and DOES 1-20, Inclusive, <br><br> Defendants. | Case No.: <br><br> **DEFENDANT CVS HEALTH SOLUTIONS LLC'S NOTICE OF REMOVAL** <br><br> Complaint Filed:     April 26, 2022 |

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

DEFENDANT CVS HEALTH SOLUTIONS LLC'S NOTICE OF REMOVAL

1   **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT**

2   **OF CALIFORNIA AND TO THE PARTIES, BY AND THROUGH THEIR COUNSEL OF**

3   **RECORD:**

4   PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(b), Defendant CVS

5   HEALTH SOLUTIONS, LLC, hereby removes to this United States District Court, the state court

6   action filed on April 26, 2022, by Plaintiff STATE FARM GENERAL INSURANCE COMPANY

7   ("Plaintiff") against Defendant CVS HEALTH SOLUTIONS LLC ("Defendant") and DOES 1-20,

8   in the Superior Court of the State of California, County of Los Angeles ("State Court"),

9   entitled *State Farm vs. CVS Health, et al.* - Case No. 22CHCV00288 ("State Court Action").

10  Removal of this case is authorized under 28 U.S.C. § 1441(b) based upon the following facts:

11  <u>*STATEMENT OF JURISDICTION*</u>

12  1.     Under 28 U.S.C. § 1332, this Court has original jurisdiction of this civil action based

13  on diversity of citizenship of the parties and where the amount in controversy exceeds $75,000.  As

14  set forth below, this case meets all of § 1332(a)'s requirements for removal and is timely and

15  properly removed by the filing of this Notice pursuant to 28 U.S.C. § 1441(b).

16  <u>**VENUE FOR REMOVAL**</u>

17  2.     The action was filed in the Los Angeles County Superior Court.  This case is

18  properly removed to the United States District Court for the Central District of California because

19  this Court sits in the same locale as where the state court action was filed.  (*See* 28 U.S.C. §

20  1441(a).)

21  <u>**PLEADINGS, PROCESS AND ORDERS**</u>

22  3.     On April 26, 2022, Plaintiff filed a Complaint against Defendant and DOES 1-20,

23  in Los Angeles County Superior Court: *State Farm vs. CVS Health, et al.* - Case No.

24  22CHCV00288 (hereinafter, the "Complaint").  The Complaint asserts the following causes of

25  action under California law: (1) Negligence; (2) Strict Products Liability; and (3) Breach of Implied

26  Warranties. The Summons, Complaint, Civil Case Coversheet, Civil Case Addendum, Notice of

27  Case Assignment, and First Amended General Order were served on Defendant's registered agent

28  for service on April 28, 2022.

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

1
DEFENDANT CVS HEALTH SOLUTIONS LLC'S NOTICE OF REMOVAL

4.     Pursuant to 28 U.S.C. § 1446(a), the attached **Exhibit "1"** constitute all process, pleadings and orders served on Defendant or filed or received by Defendant in this action.  To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Los Angeles County Superior Court or served by any party.

5.     As of the filing of this Notice of Removal, no discovery or substantive proceedings have been conducted in the Superior Court.

## DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A)

6.    In order to qualify for diversity of citizenship jurisdiction, all of the named plaintiffs' citizenships *must* be completely diverse from all the named defendants' citizenships, excluding nominal, fraudulent and/or sham defendants. A corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (28 U.S.C. § 1332(c)(1).) Moreover, "the citizenship of a limited liability company 'is determined by the citizenship of all of its members.'" (*D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra* (1st Cir. 2011) 661 F3d 124, 125.) Diversity is lacking if *any* LLC member is a citizen of the same state as an opposing party. (*Id*. at 126-127.)

7.     Here, Complete diversity of citizenship existed at the time the action was commenced in state court and continues to exist at the time of the filing of this Notice of Removal. Complete diversity exists because:

a.     Plaintiff State Farm General Insurance Company was a citizen of Illinois at the time the state action was filed as follows: Plaintiff alleges that it is a corporation, incorporated in the State of Illinois. (See Complaint ¶ 1.) According to Plaintiff's most recent Statement of Information, filed with the California Secretary of State on December 30, 2021, Plaintiff's principal executive office is located at One State Farm Plaza, Bloomington, Illinois, 61710. Therefore, Plaintiff is deemed a citizen of the State of **Illinois** for the purposes of diversity citizenship jurisdiction (28 U.S.C. § 1332(c)(1));

b.     Defendant CVS Health Solutions, LLC was a citizen of Rhode Island at the time the state action was filed as follows: CVS Health Solutions, LLC, is a limited liability company incorporated in Delaware. CVS Health Solutions, LLC's sole member is CVS

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

2
DEFENDANT CVS HEALTH SOLUTIONS LLC'S NOTICE OF REMOVAL

Pharmacy, Inc. CVS Pharmacy, Inc., is a corporation incorporated in Rhode Island, with its principal executive office located at 1 CVS Drive, Woonsocket, RI 02895. CVS Pharmacy, Inc.'s corporate headquarters are located in Woonsocket, Rhode Island, CVS Pharmacy, Inc.'s executive officers have their offices in Rhode Island, and CVS Pharmacy, Inc's principal place of business is in Rhode Island. Thus, CVS Health Solutions, LLC is deemed a citizen of the State of Rhode Island for diversity jurisdiction. (*D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra* (1st Cir. 2011) 661 F3d 124, 125-126.)

b.      Moreover, Plaintiff has filed suit against the wrong entity. Plaintiff's Compliant relates to property damage allegedly caused by christmas tree lights and/or power cord purchased at a CVS store. CVS Health Solutions, LLC, the only named Defendant, has no involvement in the sale, manufacture, or distribution of goods. Instead, to the extent that any liability exists, the proper defendant is CVS Pharmacy, Inc. As discussed above, CVS Pharmacy, Inc., is a citizen of Rhode Island, as it is incorporated in Rhode Island, with its principal place of business located at 1 CVS Drive, Woonsocket, RI 02895.

c.      DOES 1 through 20 have not been named or served, and thus their consent is not required. (*Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) [the requirement for consent applies "only to defendants properly joined and served in the action."]; *Salverson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1428 (9th Cir. 1984).)

8.      Because no defendant has the same citizenship as Plaintiff, complete diversity of citizenship exists.

## **AMOUNT IN CONVTROVERSY**

9.      In addition to diversity of citizenship, "the matter in controversy [must] exceed[s] the sum or value of $75,000, exclusive of interest and costs..." (28 U.S.C. § 1332(a)(1)). Here, Plaintiff's civil complaint seeks at least $871,115.17 in damages - an amount that exceeds $75,000.00. (See Exh. 1, Complaint at ¶¶ 18, 26 and 33.) Therefore, this Action meets the jurisdictional amount in controversy.

///

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

3
DEFENDANT CVS HEALTH SOLUTIONS LLC'S NOTICE OF REMOVAL

1 **TIMELINESS OF REMOVAL**

2    10.    Plaintiff served the complaint on Defendant on April 28, 2022. Therefore,

3 Defendant brings this Notice of Removal within thirty (30) days, as required by 28 U.S.C. §

4 1446(b).

5 **NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL**

6    11.    Pursuant to 28 U.S.C. § 1446(a), Defendant files this Notice in the District Court of

7 the United States for the district and division within which the State Court Action is pending.

8    12.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice with its attachments will

9 promptly be served on Plaintiff in the State Court Action, and notice thereof will be filed with the

10 clerk of the Los Angeles County Superior Court.

11 **CONCLUSION**

12 **WHEREFORE,** the State Court Action is removed from said state court to this Court, and

13 removing Defendant prays that this Court proceed in this action pursuant to 28 U.S.C. § 1441 and

14 other relevant and applicable law, as if this action had been originally filed in this Court, and that

15 further proceedings in the state court action be stayed in all respects.

16 Dated: May 25, 2022                    BORDIN SEMMER LLP

17

18                              By: _____

19                                   Joshua Bordin-Wosk
                                     Andrei V. Serpik
20                                   Attorneys for Defendant,
                                     CVS HEALTH SOLUTIONS LLC
21

22

23

24

25

26

27

28

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

4
DEFENDANT CVS HEALTH SOLUTIONS LLC'S NOTICE OF REMOVAL

# EXHIBIT 1

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
04/28/2022
CT Log Number 541486988

## Service of Process Transmittal Summary

**TO:**      Serviceof Process
         CVS HEALTH COMPANIES
         1 CVS DR MAIL CODE 1160
         WOONSOCKET, RI 02895-6146

**RE:**     **Process Served in California**

**FOR:**    CVS Health Solutions LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: STATE FARM GENERAL INSURANCE COMPANY // To: CVS Health Solutions LLC |
| **CASE #:** | 22CHCV00288 |
| **NATURE OF ACTION:** | Property Damage Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/28/2022 at 01:56 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/29/2022, Expected Purge Date: 05/04/2022 |
| | Image SOP |
| | Email Notification,  Serviceof Process  service_of_process@cvs.com |
| | Email Notification,  Amy McLaren  cls-ctsopsupport@wolterskluwer.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 800-448-5350 |
| | MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**       Thu, Apr 28, 2022
**Server Name:**    Victor Mendez

| Entity Served | CVS HEALTH SOLUTIONS LLC |
|---|---|
| Case Number | 22CHCV00288 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



Electronically FILED by Superior Court of California, County of Los Angeles on 04/26/2022 12:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Reyna,Deputy Clerk
22CHCV00288

**SUM-100**

## ´SUMMONS
### *(CITACION JUDICIAL)*

| | *FOR COURT USE ONLY* *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CVS HEALTH SOLUTIONS LLC, a Delaware corporation, and DOES 1-20, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STATE FARM GENERAL INSURANCE COMPANY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Chatsworth Courthouse 9425 Penfield Avenue Chatsworth 91311 | CASE NUMBER: *(Número del Caso):* 22CHCV00288 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Watkins & Letofsky, LLP    2900 S Harbor Blvd., Suite 240 Santa Ana, CA 92704    949-476-9400

DATE: 04/26/2022    Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)*    Clerk, by    S. Reyna    , Deputy
    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* CVS Health Solutions LLC, a Delaware corporation

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 04/26/2022 12:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Reyna,Deputy Clerk
22CHCV00288

Assigned for all purposes to: Chatsworth Courthouse, Judicial Officer: Stephen Pfahler

1   Andrew De La Flor, Esq. (SBN 97511)
2   WATKINS & LETOFSKY, LLP
    2900 S Harbor Boulevard, Suite 240
3   Santa Ana, CA 92704
    Telephone: (949) 476-9400
4   Facsimile: (949) 476-9407

5   Attorney for Plaintiff, STATE FARM
6   GENERAL INSURANCE COMPANY

7

8   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9   **FOR THE COUNTY OF LOS ANGELES, CHATSWORTH COURTHOUSE**

10

| | |
|---|---|
| 11  STATE FARM GENERAL INSURANCE<br>COMPANY, | **CASE NO.:**<br>[Unlimited Civil Case] |
| 12 | |
| 13              Plaintiff, | **SUBROGATION COMPLAINT FOR**<br>**DAMAGES:** |
| 14      vs. | |
| 15  CVS HEALTH SOLUTIONS LLC, a Delaware<br>corporation, and DOES 1-20, Inclusive, | **1.  Negligence**<br>**2.  Strict Products Liability** |
| 16              Defendants. | **3.  Breach of Implied Warranties** |

17

18  COMES NOW PLAINTIFF, STATE FARM GENERAL INSURANCE COMPANY
19
20  (hereinafter "Plaintiff"), who is informed and believes and thereon alleges, against the named
21  Defendant and DOES 1-20, Inclusive, and each of them, as follows:
22          1.      Plaintiff is a corporation organized and existing under the laws of the State of
23  Illinois and is and was, at all times mentioned herein, qualified to do business in the State of
24  California.
25          2.      Defendant, CVS HEALTH SOLUTIONS LLC, a Delaware corporation
26  (hereinafter "CVS HEALTH SOLUTIONS LLC"), at all times mentioned herein was
27  conducting business in the State of California, on the date of loss.
28          3.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein

- 1 -

| STF. 1370 | SUBROGATION COMPLAINT FOR DAMAGES |
|---|---|

1    as DOES 1-20, Inclusive, and therefore sues these defendants by fictitious names.  Plaintiff will

2    amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is

3    informed and believes and thereon alleges that at all times mentioned herein, each of the

4    fictitiously named defendants is negligently or otherwise responsible in some manner, along

5    with the named defendants, for the occurrences herein alleged, and Plaintiff's damages as herein

6    alleged were legally and proximately caused by that negligence or other wrongful acts and/or

7    omissions and the negligence or other acts and/or omissions of both the named and fictitiously

8    named defendants.

9         4.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

10   mentioned, the defendants named in this action, as well as the fictitiously named defendants, and

11   each of them, were agents and employees of the remaining defendants, and in doing the things

12   hereinafter complained of, were acting within the course and scope of such agency and/or

13   employment and with the knowledge and consent of the remaining defendants.

14        5.    Jurisdiction of this court is proper because all acts and omissions alleged herein

15   took place in the City of Northridge, County of Los Angeles, State of California.

16        6.    At all times herein mentioned, Plaintiff alleges thereon that 17350 Raymer Street,

17   Northridge, California 91325 ("subject property") was the private property owned by Plaintiff's

18   Insured, Sergey Matevosyan.

19        7.    On or about January 21, 2020, as a result of the improper and illegal acts or

20   omissions to act by Defendants, CVS HEALTH SOLUTIONS LLC, and DOES 1-20, Inclusive,

21   a fire loss occurred ("fire loss incident") at Plaintiff's Insured's subject property when his

22   Christmas tree covered with multiple strands of Christmas lights ("subject Christmas lights")

23   manufactured, designed, distributed, inspected, supplied, serviced, sold, installed and/or repaired

24   by Defendants, CVS HEALTH SOLUTIONS LLC, and DOES 1-20, Inclusive,  caught fire

25   causing extensive damages.  Plaintiff Insured, Mr. Matevosyan, owned the subject property for

26   approximately two (2) years prior to the fire loss incident (2018). At approximately 9:00-10:00

27   p.m. on the date of the loss, Mr. Matevosyan was home doing laundry when he heard some

28   beeps thinking it was his dishwasher. He then discovered his Christmas tree was engulfed in

- 2 -

1   as DOES 1-20, Inclusive, and therefore sues these defendants by fictitious names.  Plaintiff will

2   amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is

3   informed and believes and thereon alleges that at all times mentioned herein, each of the

4   fictitiously named defendants is negligently or otherwise responsible in some manner, along

5   with the named defendants, for the occurrences herein alleged, and Plaintiff's damages as herein

6   alleged were legally and proximately caused by that negligence or other wrongful acts and/or

7   omissions and the negligence or other acts and/or omissions of both the named and fictitiously

8   named defendants.

9        4.     Plaintiff is informed and believes, and thereon alleges, that at all times herein

10  mentioned, the defendants named in this action, as well as the fictitiously named defendants, and

11  each of them, were agents and employees of the remaining defendants, and in doing the things

12  hereinafter complained of, were acting within the course and scope of such agency and/or

13  employment and with the knowledge and consent of the remaining defendants.

14       5.     Jurisdiction of this court is proper because all acts and omissions alleged herein

15  took place in the City of Northridge, County of Ventura, State of California.

16       6.     At all times herein mentioned, Plaintiff alleges thereon that 17350 Raymer Street,

17  Northridge, California 91325 ("subject property") was the private property owned by Plaintiff's

18  Insured, Sergey Matevosyan.

19       7.     On or about January 21, 2020, as a result of the improper and illegal acts or

20  omissions to act by Defendants, CVS HEALTH SOLUTIONS LLC, and DOES 1-20, Inclusive,

21  a fire loss occurred ("fire loss incident") at Plaintiff's Insured's subject property when his

22  Christmas tree covered with multiple strands of Christmas lights ("subject Christmas lights")

23  manufactured, designed, distributed, inspected, supplied, serviced, sold, installed and/or repaired

24  by Defendants, CVS HEALTH SOLUTIONS LLC, and DOES 1-20, Inclusive,  caught fire

25  causing extensive damages.  Plaintiff Insured, Mr. Matevosyan, owned the subject property for

26  approximately two (2) years prior to the fire loss incident (2018). At approximately 9:00-10:00

27  p.m. on the date of the loss, Mr. Matevosyan was home doing laundry when he heard some

28  beeps thinking it was his dishwasher. He then discovered his Christmas tree was engulfed in

1   flames.  Mr. Matevosyan had purchased his Christmas tree in mid-December which came with a

2   water basket and a stand.   He purchased several strands of clear Christmas lights, he

3   approximated at seven (7) boxes, from Defendants, CVS HEALTH SOLUTIONS LLC, which

4   he placed on his Christmas tree.  He stated he watered the tree at least once a week and his wife

5   had also watered the tree.  His wife was out of the country when the fire loss incident occurred.

6         8.    On or about February 6, 2020, STATE FARM's Origin & Cause expert

7   ("expert") conducted a preliminary investigation in the above-described fire loss incident and

8   the expert provided the following information in the report:  This fire was determined to have

9   originated along the mid-south interior wall of the living room.  All fire movement, fire

10  intensity patterns, along with corresponding witness statements, and physical evidence revealed

11  the fire's specific area along the mid-south interior wall encompassing a 6-foot Christmas tree.

12  A complete excavation of the fire scene was conducted, which revealed evidence of a heavily

13  fire damaged Christmas tree, arc faulting on the extension cord serving the Christmas lights and

14  damaged remains of numerous Christmas lights.   This fire's most probable cause was

15  determined to have been a failure of the CVS brand Christmas lights or the CVS brand

16  extension cord serving the Christmas lights.

17        9.    On or about, February 6, 2020, STATE FARM's expert conducted a thorough

18  investigation into the fire loss incident described above and provided the following information

19  in the associated report: This fire was determined to have originated along the mid-south

20  interior wall of the living room encompassing the Christmas tree.  This fire's most probable

21  cause was determined to have been a failure with the CVS brand Christmas Lights/extension

22  cord.  A detailed inspection revealed heavy charring affecting the surrounding wood flooring,

23  which measured a 3 x 4- foot area.  Fire damage was observed to have extended from the base

24  of the walls surface to the ceiling spreading outward.  In the debris pile in the north exterior

25  elevation, I found numerous strands of Christmas lights, the remains of an extension cord, plug

26  blades, fuses, and the charred remains of a Christmas tree.  An analysis of all surrounding fire

27  movement and fire intensity patterns were highly consistent within this fire's area of

28  origination.  The tree was approx. 6 feet high, contained a wood base or stand and the remains

1   of a water basin.  Numerous strands of copper conductors, which were identified as being the
2   remains of the Christmas lights were still attached to the base of the tree.  Next, I examined the
3   extension cord, which was the primary source of electrical power to the tree lights, which
4   revealed that it was white in color and approx. 6-9 feet in length.  Evidence of arc faulting was
5   observed affecting the extension cord, thus indicating that the extension cord had either failed as
6   a result of this fire burning into the energized conductor or an unknown type of failure.  An
7   inspection of the stranded copper conductors associated with the lights revealed evidence of arc
8   faulting, thus indicating the Christmas tree lights had either failed or melted during the course of
9   this rapid-fire development.  After a complete analysis of the remains of the Christmas tree, the
10  extension cord, and the Christmas lights, I concluded that this fire's cause, more probable than
11  not and with a reasonable degree of certainty, was a direct result of a failure of the CVS Brand
12  Christmas tree lights ("subject failed Christmas lights").

13      10.     The fire loss incident described above was caused by the subject failed Christmas
14  lights manufactured, designed, distributed, inspected, supplied, serviced, sold, installed and/or
15  repaired by Defendants, CVS HEALTH SOLUTIONS LLC, and DOES 1-20, Inclusive.  The
16  fire loss incident resulted in extensive damage to the structure, the personal property and loss of
17  use of Plaintiff's Insured's subject property.

18      11.     Plaintiff's Insured had purchased property insurance with Plaintiff prior to the
19  above-described fire loss incident.  Plaintiff fulfilled its obligations pursuant to the insurance
20  agreement ("the Policy") between Plaintiff and its Insured and Plaintiff reimbursed its Insured
21  for the structure, personal property and loss of use damage from this fire loss incident.

22      12.     Plaintiff, STATE FARM GENERAL INSURANCE COMPANY, is informed
23  and believes, and thereon alleges, that the fire loss incident that occurred at Plaintiff's Insured's
24  subject property from the subject failed Christmas lights was due to the improper actions and/or
25  omissions to act of Defendants, CVS HEALTH SOLUTIONS LLC, and DOES 1-20, Inclusive.
26  ////
27  ////
28  ////

- 4 -

## FIRST CAUSE OF ACTION FOR NEGLIGENCE

**[Against Defendants, CVS HEALTH SOLUTIONS LLC, a Delaware corporation, and**

**DOES 1-20, Inclusive]**

13.     Plaintiff incorporates by reference paragraphs 1 through 12 as though fully set forth herein.

14.     Defendants, CVS HEALTH SOLUTIONS LLC, and DOES 1-20, Inclusive, had a duty to use reasonable care with respect to the manufacture, design, distribution, inspection, supply, service, sale, installation and/or repair of the subject failed Christmas lights.

15.     Defendants, CVS HEALTH SOLUTIONS LLC, and DOES 1-20, Inclusive, negligently manufactured, designed, distributed, inspected, supplied, serviced, sold, installed and/or repaired the subject failed Christmas lights, and/or negligently failed to issue adequate instruction or warnings regarding the subject failed Christmas lights, such that the subject failed Christmas lights left Defendants' possession or control in a defective condition, with manufacturing and/or design defects and/or insufficient instruction or warning of safety hazards and/or installation instructions of the subject failed Christmas lights. A manufacturer, designer, distributer, inspector, supplier, servicer, seller, installer and/or repairer is negligent if it fails to use the amount of care in manufacturing, designing, distributing, inspecting, supplying, servicing, selling, installing and/or repairing the product that a reasonably careful manufacturer, designer, distributer, inspector, supplier, seller, installer and/or repairer would use in similar circumstances to avoid exposing others to a foreseeable risk of harm. In determining whether Defendants used reasonable care, a trier of fact shall balance what Defendants knew or should have known about the likelihood and severity of potential harm from the product against the burden of taking safety measures to reduce or avoid the harm.

16.     The afore-described improper acts and/or omissions to act of Defendants, CVS HEALTH SOLUTIONS LLC and DOES 1-20, Inclusive, were the legal and proximate cause of damages to Plaintiff's Insured and to Plaintiff.

17.     The afore-described improper acts and/or omissions to act of Defendants, CVS HEALTH SOLUTIONS LLC and DOES 1-20, Inclusive, were a substantial factor in causing harm

- 5 -

1    to Plaintiff's Insured and to Plaintiff.

2       18.    As a result of the negligence of Defendants, CVS HEALTH SOLUTIONS LLC,

3 Plaintiff's Insured sustained at least $871,115.17 in damages, and the damage amount is continuing

4 and will further be pled at the time of trial. Plaintiff indemnified its Insured for remediation, repairs,

5 replacement and/or loss of use of property and paid on behalf of its Insured the principal amount of

6 $796,058.42 to date, and further monetary damages are expected and will be according to proof.

7 The principal amount includes Plaintiff's Insured's $5,000.00 deductible, which is recoverable

8 under the Insured's respective policy of insurance and included under Coverage B. Plaintiff's

9 Insured was paid $382,317.69 for dwelling damages under Coverage A; $4,937.88 for damages

10 under Coverage A – Ext; $200,085.16 for personal property damages under Coverage B;

11 $200,175.42 for loss of use under Coverage C; and $3,542.27 for Optional Policy Provision

12 damages. In addition, Plaintiff shall be seeking appropriate litigation costs of $800.00 to date for

13 filing and service of this Complaint. Plaintiff is also seeking pre-judgment interest from the date of

14 each insurance payment through April 15, 2022, which totals $74,256.75, to date and increasing

15 daily at a rate of seven percent (7%) per annum. Plaintiff is seeking pre-judgment interest on this

16 matter as a result of clear liability against the Defendants, who on behalf of themselves or via their

17 own insurance carrier could have handled the claim of Plaintiff's Insured, but instead required

18 Plaintiff's Insured to a file a first-party insurance claim with its own insurance carrier, STATE

19 FARM GENERAL INSURANCE COMPANY. Thus, Plaintiff's damage claim to date is at least

20 $871,115.17 and increasing daily. Plaintiff fulfilled its obligation pursuant to the insurance

21 agreement between Plaintiff and Plaintiff's Insured, for the property damage losses. Plaintiff now

22 seeks recovery, by way of a subrogation claim, for all damages Plaintiff paid to or on behalf of its

23 Insured plus other miscellaneous damages, costs, expert fees, and pre-judgment interest from the

24 date of loss, according to proof at trial.

25       **SECOND CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY**

26       **[Against Defendants, CVS HEALTH SOLUTIONS LLC; and DOES 1-20, Inclusive]**

27       19.    Plaintiff incorporates by reference paragraphs 1 through 18 as though fully set forth

28 herein.

- 6 -

STF. 1370       SUBROGATION COMPLAINT FOR DAMAGES

20.     Defendants, CVS HEALTH SOLUTIONS LLC, and DOES 1-20, Inclusive, manufactured, designed, distributed, inspected, supplied, serviced, sold, installed and/or repaired the subject failed Christmas lights, such that the product contained manufacturing defects, insufficient instructions and/or warnings of potential safety hazards and/or design defects when the product left said Defendants' possession or control.

21.     The subject failed Christmas lights contained a manufacturing defect (a product contains a manufacturing defect if the product differs from the manufacturers' designs or specifications or from other subject failed Christmas lights did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way) or (Risk Benefit Test – once Plaintiff proves all of the following:  1. That Defendants manufactured/distributed/sold the product; 2. That Plaintiff was harmed; and 3. That the [product]'s design was a substantial factor in causing harm to Plaintiff then Plaintiff prevails unless Defendants prove that the benefits of the product's design outweigh the risks of the design considering (a) The gravity of the potential harm resulting from the use of the product; (b) The likelihood that this harm would occur; (c) The feasibility of an alternative safer design at the time of manufacture; (d) The cost of an alternative design; and (e) The disadvantages of an alternative design; and (f) Other relevant factors) when it left the possession of Defendants, CVS HEALTH SOLUTIONS LLC, and DOES 1-20, Inclusive, and failed to issue adequate instructions or warnings regarding the subject Christmas lights (1. That Defendants manufactured/ distributed/ inspected/ sold the product; 2. That the product had potential risks that were known or knowable in light of the scientific knowledge that was generally accepted in the scientific community at the time of manufacture/distribution/sale;  3. That the potential risks presented a substantial danger when the product is used or misused in an intended or reasonably foreseeable way; 4. That ordinary consumers would not have recognized the potential risks; 5. That Defendants failed to adequately warn or instruct of the potential risks;  6.  That Plaintiff was harmed; and 7. That the lack of sufficient instructions or warnings was a substantial factor in causing Plaintiff's harm).

22.     Plaintiff's Insured was the user of the subject failed Christmas lights.

23.     At the time of the incident described herein, the product was being used in the

- 7 -

1  manner intended by Defendants, and/or in a reasonably foreseeable manner, and/or misused in a

2  reasonably foreseeable manner.

3      24.    The afore-described improper acts and/or omissions to act of Defendants, CVS

4  HEALTH SOLUTIONS LLC and DOES 1-20, Inclusive, were the legal and proximate cause of

5  damages to Plaintiff's Insured and to Plaintiff.

6      25.    The afore-described improper acts and/or omissions to act of Defendants, CVS

7  HEALTH SOLUTIONS LLC and DOES 1-20, Inclusive, were a substantial factor in causing harm

8  to Plaintiff's Insured and to Plaintiff.

9      26.    As a result of the strict products liability by Defendants, CVS HEALTH

10  SOLUTIONS LLC, and DOES 1-20, Inclusive, Plaintiff's Insured sustained at least $871,115.17 in

11  damages, and the damage amount is continuing and will further be pled at the time of trial. Plaintiff

12  indemnified its Insured for remediation, repairs, replacement and/or loss of use of property and paid

13  on behalf of its Insured the principal amount of $796,058.42 to date, and further monetary damages

14  are expected and will be according to proof. The principal amount includes Plaintiff's Insured's

15  $5,000.00 deductible, which is recoverable under the Insured's respective policy of insurance and

16  included under Coverage B. Plaintiff's Insured was paid $382,317.69 for dwelling damages under

17  Coverage A; $4,937.88 for damages under Coverage A – Ext; $200,085.16 for personal property

18  damages under Coverage B; $200,175.42 for loss of use under Coverage C; and $3,542.27 for

19  Optional Policy Provision damages. In addition, Plaintiff shall be seeking appropriate litigation

20  costs of $800.00 to date for filing and service of this Complaint. Plaintiff is also seeking pre-

21  judgment interest from the date of each insurance payment through April 15, 2022, which totals

22  $74,256.75, to date and increasing daily at a rate of seven percent (7%) per annum. Plaintiff is

23  seeking pre-judgment interest on this matter as a result of clear liability against the Defendants, who

24  on behalf of themselves or via their own insurance carrier could have handled the claim of

25  Plaintiff's Insured, but instead required Plaintiff's Insured to a file a first-party insurance claim with

26  its own insurance carrier, STATE FARM GENERAL INSURANCE COMPANY. Thus, Plaintiff's

27  damage claim to date is at least $871,115.17 and increasing daily. Plaintiff fulfilled its obligation

28  pursuant to the insurance agreement between Plaintiff and Plaintiff's Insured, for the property

- 8 -

1  damage losses. Plaintiff now seeks recovery, by way of a subrogation claim, for all damages
2  Plaintiff paid to or on behalf of its Insured plus other miscellaneous damages, costs, expert fees, and
3  pre-judgment interest from the date of loss, according to proof at trial.

4  **THIRD CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTIES**

5  **[Against Defendants, CVS HEALTH SOLUTIONS LLC, a Delaware corporation, and**
6  **DOES 1-20, Inclusive]**

7      27.      Plaintiff incorporates by reference paragraphs 1 through 26 as though fully set forth
8  herein.

9      28.      Defendants, CVS HEALTH SOLUTIONS LLC, and DOES 1-20, Inclusive,
10 manufactured, designed, distributed, inspected, supplied, serviced, sold, installed and/or repaired
11 the subject failed Christmas lights, such that the product contained manufacturing defects,
12 insufficient instructions and/or warnings of potential safety hazards and/or design defects when the
13 product left said Defendants' possession or control.

14     29.      As a result, Defendants, CVS HEALTH SOLUTIONS LLC, and DOES 1-20,
15 Inclusive, breached the implied warranty of merchantability. The subject failed Christmas lights,
16 were located and in use at Plaintiff's Insured's subject property, and at the time, Defendants, CVS
17 HEALTH SOLUTIONS LLC, and DOES 1-20, Inclusive, were in the business of manufacturing,
18 designing, distributing, inspecting, supplying, servicing, selling, installing and/or repairing these
19 goods and/or held itself out as having special knowledge or skill regarding these goods; subject
20 failed Christmas lights, were not of the same quality as those generally acceptable in the trade;
21 and/or was not fit for the ordinary purposes for which such goods are used.

22     30.      As a result, Defendants, CVS HEALTH SOLUTIONS LLC, and DOES 1-20,
23 Inclusive, breached the Implied Warranty of Fitness for a Particular purpose. The subject failed
24 Christmas lights, were located and in use at Plaintiff's Insured's subject property and at the time,
25 Defendants, CVS HEALTH SOLUTIONS LLC, and DOES 1-20, Inclusive, knew or had reason to
26 know that consumers intended to use the subject failed Christmas lights, for a particular purpose
27 and that Plaintiff's Insured was relying on the skill and judgment of Defendants, CVS HEALTH
28 SOLUTIONS LLC, and DOES 1-20, Inclusive, to furnish Christmas lights that were suitable for

-9-

the particular purpose; and Plaintiff's Insured justifiably relied on Defendants, CVS HEALTH SOLUTIONS LLC, and DOES 1-20, Inclusive, skill and judgment and that the subject Christmas lights were not suitable for their particular purpose when they failed and caused a fire loss incident loss at Plaintiff's Insured's subject property.

31. The afore-described improper acts and/or omissions to act of Defendants, CVS HEALTH SOLUTIONS LLC and DOES 1-20, Inclusive, were the legal and proximate cause of damages to Plaintiff's Insured and to Plaintiff.

32. The afore-described improper acts and/or omissions to act of Defendants, CVS HEALTH SOLUTIONS LLC, and DOES 1-20, Inclusive, were a substantial factor in causing harm to Plaintiff's Insured and to Plaintiff.

33. As a result of the breach of implied warranties by Defendants CVS HEALTH SOLUTIONS LLC, and DOES 1-20, Inclusive, Plaintiff's Insured sustained at least $871,115.17 in damages, and the damage amount is continuing and will further be pled at the time of trial. Plaintiff indemnified its Insured for remediation, repairs, replacement and/or loss of use of property and paid on behalf of its Insured the principal amount of $796,058.42 to date, and further monetary damages are expected and will be according to proof. The principal amount includes Plaintiff's Insured's $5,000.00 deductible, which is recoverable under the Insured's respective policy of insurance and included under Coverage B. Plaintiff's Insured was paid $382,317.69 for dwelling damages under Coverage A; $4,937.88 for damages under Coverage A – Ext; $200,085.16 for personal property damages under Coverage B; $200,175.42 for loss of use under Coverage C; and $3,542.27 for Optional Policy Provision damages. In addition, Plaintiff shall be seeking appropriate litigation costs of $800.00 to date for filing and service of this Complaint. Plaintiff is also seeking pre-judgment interest from the date of each insurance payment through April 15, 2022, which totals $74,256.75, to date and increasing daily at a rate of seven percent (7%) per annum. Plaintiff is seeking pre-judgment interest on this matter as a result of clear liability against the Defendants, who on behalf of themselves or via their own insurance carrier could have handled the claim of Plaintiff's Insured, but instead required Plaintiff's Insured to a file a first-party insurance claim with its own insurance carrier, STATE FARM GENERAL INSURANCE COMPANY. Thus, Plaintiff's

- 10-

1   damage claim to date is at least $871,115.17 and increasing daily. Plaintiff fulfilled its obligation

2   pursuant to the insurance agreement between Plaintiff and Plaintiff's Insured, for the property

3   damage losses. Plaintiff now seeks recovery, by way of a subrogation claim, for all damages

4   Plaintiff paid to or on behalf of its Insured plus other miscellaneous damages, costs, expert fees, and

5   pre-judgment interest from the date of loss, according to proof at trial.

### PRAYER

7       WHEREFORE, Plaintiff prays for judgment against Defendants, CVS HEALTH

8   SOLUTIONS LLC, and DOES 1-20, Inclusive, as follows:

9       1.   For all damages legally caused by Defendants' acts or omissions; in the amount of

10  $871,115.17 and continuing, according to proof at trial;

11          Insurance Benefits to Date:                                    $ 796,058.42

12          Coverage A: Dwelling:                       $ 382,317.69

13           Coverage A- Ext:                           $    4,937.88

14          Coverage B: Personal Property              $ 205,085.16

15          ($5,000.00 Insured' deductible included in Coverage B)

16          Coverage C: Loss of Use                    $ 200,175.42

17           Optional Policy Provisions                $    3,542.27

18          Approximate litigation costs to date:                         $     800.00

19          7% Pre-judgment interest to date                              $  74,256.75

20          **Total to date:**                                            **$ 871,115.17**

21      2.   For continuing costs of suit incurred by Plaintiff herein;

22      3.   For continuing expert fees;

23      4.   For continuing pre-judgment interest according to proof; and

24      5.   For any and all such relief as the court may deem just and proper.

25  ////

26  ////

27  ////

28  ////

- 11-

1    Dated:  April____26____, 2022           Respectfully,

2

3                                 WATKINS & LETOFSKY, LLP

4                                   _____

5                                   ANDREW DE LA FLOR
                                  Attorney for Plaintiff, STATE FARM
                                  GENERAL INSURANCE COMPANY

6

7    STF.1370-State Farm General Insurance Company v. CVS Health Solutions LLC, a Delaware corporation\\Complaint.doc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STF. 1370            SUBROGATION COMPLAINT FOR DAMAGES

Electronically FILED by Superior Court of California, County of Los Angeles on 04/28/2012 12:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Reyna,Deputy Clerk
22CHCV00288

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ⌐ Andrew de la Flor, Esq.  (97511)<br>Watkins & Letofsky, LLP<br>2900 S Harbor Blvd., Suite 240<br>Santa Ana, CA 92704<br>TELEPHONE NO.: 949-476-9400   FAX NO.: 949-476-9407<br>ATTORNEY FOR *(Name):* Plaintiff, State Farm General Insurance Company | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 9425 Penfield Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Chatsworth 91311
BRANCH NAME: Chatsworth Courthouse

CASE NAME:
STATE FARM v. CVS HEALTH SOLUTIONS, ET AL.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter**   ☐ **Joinder**<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*  3: Negligence; Strict Products Liability; Breach of Implied Warranties
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 26, 2022

Andrew De La Flor, Esq.
_____(TYPE OR PRINT NAME)_____          _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: STATE FARM v. CVS HEALTH SOLUTIONS, ET AL. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
# STATEMENT OF LOCATION
# (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: STATE FARM v. CVS HEALTH SOLUTIONS, ET AL. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☑ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, ③ |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: STATE FARM v. CVS HEALTH SOLUTIONS, ET AL. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: STATE FARM v. CVS HEALTH SOLUTIONS, ET AL. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: <br><br> ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS: <br><br> 17350 Raymer St. |
|---|---|

| CITY: <br> Northridge | STATE: <br> CA | ZIP CODE: <br> 91325 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _North Valley_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 4/26/22

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Chatsworth Courthouse<br>9425 Penfield Avenue, Chatsworth, CA 91311 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**04/26/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Reyna _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>22CHCV00288 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Stephen P. Pfahler | F49 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 04/26/2022
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By S. Reyna _____ , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

   - **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
   - **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
   - **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
     - Only MCLA provides mediation in person, by phone and by videoconference.

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
     - Free, day- of- trial mediations at the courthouse. No appointment needed.
     - Free or low-cost mediations before the day of trial.
     - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
       http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

**Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING    )
FOR CIVIL    )
   )
   )
   )
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//
//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)    Depositions;

   ii)   Declarations;

   iii)  Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)    Points and Authorities;

   vi)   Citations; and

   vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

   Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

   Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h)  Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i)  Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j)  Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7)  ELECTRONIC FILING SCHEDULE

a)  Filed Date

i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii)  Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8)  EX PARTE APPLICATIONS

a)  Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California

Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing,

and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

GEN-16-Limited Jurisdiction Portal-PJ

**FILED**
Superior Court of California
County of Los Angeles

**JUN 29 2016**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Limited Jurisdiction Civil Cases Calendared in the Los Angeles County Superior Court | GENERAL ORDER RE LIMITED JURISDICTION CIVIL PROCEDURES: NOTICE OF WEB PORTAL AVAILABILITY FOR INTERPRETER REQUESTS (Effective July 11, 2016) |

TO EACH PARTY:

In order to expedite the availability of interpreters at hearings on limited jurisdiction civil cases, IT IS HEREBY ORDERED that each limited jurisdiction civil plaintiff shall, along with the complaint and other required documents, serve all named defendants with the *Notice of the Availability of Web Portal for Interpreter Requests*; this notice informs the litigants that the Los Angeles County Superior Court provides interpreter services in limited jurisdiction civil cases at no cost to parties with limited English proficiency and that Spanish language interpreters are available in courtrooms where limited jurisdiction civil hearings are held. The notice will be provided to the plaintiff at the time the limited jurisdiction civil action is filed, if filed at the clerk's office, and will also be posted on the Los Angeles County Superior Court internet website (http://www.lacourt.org/). Plaintiff(s) must then indicate service of the *Notice of Availability of Web Portal for Interpreter Requests* on line 2(f) of the Proof of Service of Summons form (POS-010).

Effective immediately, this General Order is to remain in effect until otherwise ordered by the Presiding Judge.

DATED: June 29, 2016



CAROLYN B. KUHL
Presiding Judge

GENERAL ORDER—LIMITED JURISDICTION CIVIL PORTAL

### Notice of Availability of Limited Civil Jurisdiction Web Portal for Interpreter Requests

The Los Angeles Superior Court provides interpreter services at no cost to parties with limited English proficiency in Limited Civil Jurisdiction hearings. Spanish interpreters are available at all courthouse locations. Therefore, it is not necessary to request a Spanish language interpreter in advance. If you require a Spanish interpreter, please let the courtroom staff know about your need on the day of your hearing. Limited English proficient individuals who speak a language other than Spanish may request an interpreter in advance of their court hearing via the Court's Web Portal for Interpreter Requests http://www.lacourt.org/iud/UI/index.aspx. While the Court will make every effort to locate an interpreter for the date and time of your hearing, it cannot guarantee that one will be immediately available. If you have general questions about language access services, please contact us at LanguageAccess@LACOURT.org.

### Ծանուցագիր սահմանափակ իրավասության քաղաքացիական գործերով թարգմանչական ծառայության ինտերնետ ներկայացնելու համար նախատեսված առցանց դարպասի առկայության մասին

Լոս Անջելեսի Առաջին ատյանի դատարանն անվճար թարգմանչական ծառայություն է տրամադրում սահմանափակ իրավասության քաղաքացիական վարույթներին՝ անգլերենն սահմանափակ իմացություն ունեցող կողմերին: Իսպաներենի թարգմանիչն տրամադրվում են բոլոր դատարաններում անվճար: Ուստի, իսպաներենի թարգմանիչ հայտ ներկայացնել անհրաժեշտ չէ: Եթե իսպաներենի թարգմանիչ կարիք ունեք, ապա խնդրում ենք այդ մասին Ձեր լսման օրը տեղեկացնել դատարանի դահլիճի անձնակազմին: Անգլերենն սահմանափակ իմացություն ունեցող անձինք, ովքեր խոսում են իսպաներենից բացի այլ մեկ այլ լեզվով, կարող են դատարանային խնդրանք ներկայացնել նախապես՝ նախքան իրենց լսման օրը: Դատարանի Թարգմանչական ծառայության ինտերնետային համար նախատեսված առցանց դարպասի միջոցով http://www.lacourt.org/iud/UI/index.aspx: Թեև դատարանն ամեն ինչ կանի Ձեր լսման օր ու ժամին թարգմանիչ ներկայացնելու համար, սակայն դատարանն չի կարողխոստ, որ նման ներկայություն անմիջապ հնարավոր կլինի ապահովել: Լեզվական մատչելիության ծառայություննեիրն վերաբերյալ հարցերով խնդրում ենք դիմել LanguageAccess@LACOURT.org.

### 关于小额索赔传译员申请门户的可用性通知

在小额索赔庭审中，洛杉矶高等法院为英语能力有限的各方人士提供免费传译服务。在举行小额索赔庭审的所有法庭中，均有现成的西班牙语传译员。如果您需要西班牙语传译员，请在您的庭审当日将您的需求告知法庭工作人员。在庭审前，英语能力有限的非西班牙语人士可通过法院的传译员申请网络门户 http://www.lacourt.org/iud/UI/index.aspx提前申请传译员。法院会尽力按您的庭审日期和时间安排传译员。但法院无法保证能够即时提供传译员。如果您对于语言服务的疑问，请联系 LanguageAccess@LACourt.org

### 통역사 신청을 위한 소액 청구 웹 포털 이용 통지

로스앤젤레스 상급법원은 소액 청구 심리에서 영어가 능숙하지 않은 당사자들에 대해 통역 서비스를 무료로 제공합니다. 스페인어 통역사는 소액 청구 심리가 열리는 모든 법정에서 손쉽게 제공할 수 있습니다. 스페인어 통역사가 필요한 경우에는 심리가 열리는 날에 법정 직원에게 알려 주십시오. 스페인어가 아닌 다른 언어를 사용하고 영어가 능숙하지 않은 개인들은 통역사 신청을 위한 법원 웹 포털을 통해서 재판일 전에 통역사를 신청할 수 있습니다 http://www.lacourt.org/iud/UI/index.aspx. 법원은 심리 날짜와 시간에 통역사를 찾기 위해 모든 노력을 기울일 것이나, 통역사를 즉시 제공한다는 것을 보장할 수 없습니다. 언어 접근 서비스에 대한 질문이 있으시면, 다음의 이메일 주소로 연락해 주십시오: LanguageAccess@LACourt.org.

### Aviso de disponibilidad del Portal web para jurisdicción limitada civil para solicitar intérpretes

La corte superior de Los Ángeles brinda servicios de intérprete sin cargo para audiencias de jurisdicción limitada civil a las partes que tienen conocimientos limitados de inglés. Se dispone de intérpretes de español en todos los juzgados. Por lo tanto, no es necesario pedir un intérprete de español por adelantado. Si necesita un intérprete de español, infórmele al personal de la sala del juzgado el día de su audiencia. Los individuos con conocimientos limitados de inglés que hablan un idioma que no sea el español pueden solicitar un intérprete antes de la audiencia en la corte por medio del Portal web de la corte para solicitar intérpretes http://www.lacourt.org/iud/UI/index.aspx. La corte hará el mayor esfuerzo posible para programar un intérprete para la fecha y hora de su audiencia; sin embargo, no le podemos garantizar de que haya uno disponible en forma inmediata. Si tiene preguntas generales sobre los servicios de acceso lingüístico, envíe un mensaje a LanguageAccess@LACourt.org.

### Thông Báo về Cổng Web Thẩm Quyền Hộ Sự Giới Hạn để Xin Cung Cấp Thông Dịch Viên

Tòa Thượng Thẩm Los Angeles cung cấp dịch vụ thông dịch viên miễn phí cho những bên kiện có khả năng Anh Ngữ giới hạn trong những phiên tòa có thẩm quyền Hộ Sự Giới Hạn. Có sẵn thông dịch viên tiếng Tây Ban Nha tại tất cả các tòa. Do đó, không cần phải xin cung cấp thông dịch viên tiếng Tây Ban Nha trước. Nếu quý vị cần thông dịch viên tiếng Tây Ban Nha, xin cho nhân viên phòng xử biết về nhu cầu của quý vị vào ngày quý vị ra tòa. Người có khả năng Anh Ngữ giới hạn và nói một ngôn ngữ không phải tiếng Tây Ban Nha có thể xin cung cấp thông dịch viên trước ngày ra phiên tòa của họ qua Cổng Web của Tòa cho Các Yêu Cầu Cung Cấp Thông Dịch Viên http://www.lacourt.org/iud/UI/index.aspx. Tùy tòa sẽ nỗ lực để tìm một thông dịch viên cho ngày giờ phiên tòa của quý vị, tòa không thể bảo đảm sẽ có ngay. Nếu quý vị có thắc mắc tổng quát về các dịch vụ ngôn ngữ, xin liên lạc với chúng tôi tại LanguageAccess@LACOURT.org.

August 5, 2016