Andrew R. de la Flor (SBN 97511)
Adelaflor@wl-llp.com
WATKINS & LETOFSKY, LLP
2900 S Harbor Boulevard, Suite 240
Santa Ana, CA 92704
Telephone: (949) 476-9400
Facsimile: (949) 476-9407
Attorney for Plaintiff, STATE FARM GENERAL INSURANCE COMPANY

Joshua Bordin-Wosk (SBN 241077)
jbordinwosk@bordinsemmer
Andrei Serpik (SBN 301260)
aserpik@bordinsemmer.com
BORDIN SEMMER, LLP
6100 Center Blvd. Suite 1100
Los Angeles, CA 90045
(323) 457-2110
(323) 457-2120
Attorney for Defendant CVS Health Solutions, LLP

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTICT OF CALIFORNIA**

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CVS HEALTH SOLUTIONS LLC, a Delaware corporation, and DOES 1-20, Inclusive,<br><br>Defendants. | **CASE NO.: 2-22-CV-03600-DSF-MAA**<br><br>Courtroom 7D<br><br>**AMENDED JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT [F.R.C.P. RULE 26(f)]**<br><br>REMOVED: 3/24/2022 |

Plaintiff STATE FARM GENERAL INSURANCE ("Plaintiff"), and Defendant CVS HEALTH SOLUTIONS LLC. ("CVS") participated in a teleconference on June 22, 2022, pursuant to Federal Rule of Civil Procedure 26(f). During the teleconference, counsel for the Parties discussed the topics enumerated in Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1 and the Court's March 31, 2021, Order Setting Scheduling Conference. [Doc 8] The Parties hereby submit this Joint Rule 26(f) Report, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1.

**A. Statement of the Case.**

1. Plaintiff's Contentions:

This subrogation case arises from a fire that occurred on January 21, 2020, in the home of Sergey Matevosyan located at 17250 Raymer St. Northridge, California. The property is a single-family home owned by Mr. Matevosyan and insured by Plaintiff.

Plaintiff contends the fire occurred as the result of a design or manufacturing defect in Christmas lights sold to the public by CVS. The fire occurred on January 21, 2020, while the insureds were at home. Plaintiff's origin and cause investigator concluded, with a reasonable degree of scientific certainty, that the fire was a direct result of a failure of the CVS Brand Christmas lights decorating the Christmas tree.

2. Defendant's Contentions

Defendant denies that the alleged fire was caused by any design or defect in any Christmas lights sold by Defendants. Moreover, Defendant contends that the electrical system at Plaintiff's insured's property was not up to code and caused and/or contributed to the subject fire. Defendant hereby incorporates by reference its affirmative defenses as fully set forth in its Answer to Plaintiff's Complaint.

**B. Subject Matter Jurisdiction**

This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. Sections 1332, 1441, and 1446. This matter was removed to this Court pursuant to 28 U.S.C. Section 1441 on the basis Plaintiff and the Defendants are not citizens of the same state and the amount in controversy exceeds $75,000.

**C. Legal Issues.**

The legal issues in this matter are: (1) the cause of the fire; (2) whether there is sufficient evidence to hold Defendant CVS liable for said fire; (3) any contributory negligence on Plaintiff's part; and (4) Plaintiff's damages

**D. Parties, Evidence, etc.**

The Parties have not completed their respective investigations and discovery in this matter. Nonetheless, the Parties have made a diligent and good faith effort to obtain information with which to prepare this Joint Report.

1. List of Parties:

Plaintiff, State Farm General Insurance Company, and Defendant CVS Health Solutions, LLC are the only parties to this case at this time. LLC is an improper entity as it does not have any role in the procurement, marketing, distribution or sale of products to customers. The proper entity is CVS Pharmacy, Inc. CVS Health Corporation, a publicly traded holding company, is the sole owner of CVS Pharmacy, Inc. Garfield Beach CVS, L.L.C. and Longs Drug Stores California, L.L.C. are the only entities that operate front store operations in California. The Parties have agreed to prepare and submit a Stipulation and Order correcting the name of the CVS defendant to CVS Pharmacy, Inc., within ten days.

2. Percipient Witnesses:

As a preliminary matter, the Parties have not yet completed their respective investigations and discovery in this matter. Nonetheless, the percipient witnesses in this case are likely to be (1) Plaintiff's insured Sergey Matevosyan; (2) Plaintiff's first party adjuster, Jerry Paredes; (3) investigators and inspectors who investigated the cause of the subject fire, including Michael Koster; (4) contractors and employees of the remediation and repair companies which assessed, evaluated, remediated, and/or repaired the insureds' property; (4) expert witnesses for Plaintiff; (5) expert witnesses for Defendant.

3. List of Key Documents:

The Parties believe that the key documents will be the (1) City of Los Angeles Incident Report, Feb 18, 2020; (2) the photographs of the post-fire scene, as well as those taken during the Joint Destructive Testing/Inspection of evidence collected from the Point of Origin; (3) repair estimates and Plaintiff's proof of payment of $796,058.42 to repair the Matevosyans' home; and (4) documents related to the manufacture and design of the Christmas lights and/or extension cord that allegedly started the subject fire.

**E. Damages.**

Plaintiff contends that, as a result of failure of the Christmas lights sold by CVS, Plaintiff and its insureds sustained damages in the principal amount of $796,058.42 for repairs, restoration, and/or replacement of dwelling, loss of use, and other miscellaneous damages. Plaintiff fulfilled its obligations pursuant to the insurance agreement between Plaintiff and its insured and now seeks recovery, by way of this subrogation claim.

**F. Insurance.**

Plaintiff is a subrogating insurance carrier and its insurance coverage was provided to its insureds pursuant to its property policy of insurance. Defendant maintains a self-insured retention sufficient to cover any award, settlement or verdict, if any in this case.

**G. Motions.**

There are no prior or pending motions in this case. Defendant reserves the right to file cross-claims against the manufactures of the Christmas lights and/or extension cord that allegedly caused the subject fire. Other than the cross-claims and parties noted above, the Parties do not intend to amend their pleadings, add other parties or claims, or seek to transfer venue at this time. The issue of dispositive or partially dispositive motions is discussed in Section M.

**H. Status of Discovery.**

Discovery has not yet commenced, and the parties have not served their Initial Disclosures in the case. The parties will do so promptly pursuant to statute and local rules and will respond to discovery. The parties expect to serve written discovery and/or notice party and witness depositions after the Initial Disclosures are served.

**I. Discovery Plan.**

All discovery will be conducted pursuant to the Federal Rules of Civil Procedure. The Parties anticipate utilizing all discovery allowed under the Federal Rules, including, requests for documents, interrogatories, requests for admissions, and depositions, which are anticipated to be completed no later than May 16, 2023. In addition, the Parties anticipate scheduling an inspection of the product and premises at issue on a mutually agreeable date and location. The Parties agree that

each party has the right to take ten (10) non-expert depositions. The Parties further agree that all Rule 36(b)(6) depositions shall be taken via remote video teleconference. The Parties agree that their counsel will accept service for deposition subpoenas for their respective experts. The identity of anticipated deponents and estimated completion time are as follows: (1) Sergey Matevosyan; (2) Mr. Matevosyan's spouse; (3) Investigator, Mike Koster; (4) First party adjuster, Jerry Paredes; (5) PMQ of Defendant CVS; (6) PMQ of Manufacturers; and (7) PMQ of remediation & repair companies which assessed, evaluated, remediated, and/or repaired the insured's property.

The Parties anticipate that discovery will be necessary regarding the following subjects: (1) the source and cause of the subject fire; (2) the extent of the damage caused to the subject property; (3) the cost of repairing and/or remediating the damage caused to the subject property; and (4) the existence of defects, if any, in the design and/or manufacturing of the Christmas lights and extension cord that are alleged to have caused the subject fire.

The Parties also agree that no other modifications of the discovery limitations set forth in Federal Rules of Civil Procedure or the Local Rules are necessary. However, the Parties reserve their right to request the Court to modify the limitations imposed by Rule 26(f) of the Federal Rules of Civil Procedure and the Local Rules.

The Parties presently do not anticipate any unusual legal issues presented in this case, and therefore, do not believe discovery should be conducted in phases or only as to certain issues. The Parties discussed the preservation of discoverable information and have informed their clients of the duty to preserve evidence. In addition, the Parties are not presently aware of any issues concerning the disclosure and discovery of electronically-stored information.

**J. Discovery Cut-off.**

The parties jointly propose a Non-Expert cut-off date of May 16, 2023.

**K. Expert Discovery.**

The parties propose March 21, 2023, as a deadline for initial expert disclosures and April 11, 2023, as a deadline for the designation of rebuttal experts with all expert discovery to be completed on or before May 16, 2023. **L.**

**L. Dispositive Motions.**

Based upon the facts of this case, the Parties do not contemplate filing dispositive motions at this time. The parties jointly agree to a dispositive motion cut-off date of July 3, 2023.

**M. Settlement/Alternative Dispute Resolution (ADR):**

The Parties believe it is premature to discuss settlement at this time; therefore, no settlement discussions have yet taken place. The Parties are willing to engage in meaningful settlement discussions through private mediation, per

Local Rule 16-15.4 (ADR PPROCEDURE NO. 3), which is to be completed by July 18, 2023.

**N. Trial Estimate.**

1. Plaintiff's Proposal:

Plaintiff does not request a jury trial. The estimate for trial in this matter is three days. Plaintiff contemplates calling six witnesses.

2. Defendants' Proposal:

Defendant requests a jury trial and estimates the trial in this matter to last four days. Defendant contemplates calling six witnesses.

**O. Lead Trial Counsel.**

Trial Counsel for Plaintiff is Andrew R. de la Flor of Watkins & Letofsky, LLP.

Trial Counsel for Defendant is Joshua Bordin-Wosk of Bordin Semmer, LLP.

**P. Independent Expert or Master.**

The Parties agree this is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

**Q. Timetable.**

The Parties respectfully refer the Court to the Schedule of Pretrial and Trial Dates attached to this Joint Report.

**R. Magistrate Judge:**

The Parties jointly agree to try the case before a magistrate judge.

**S. Class Action**

This action is not a putative class action.

**T. Other Issues.**

There are no other issues affecting the status or management of this case at this time.

Dated: July 12 , 202

**WATKINS & LETOFSKY, LLP**

By: ______________________________
Andrew R. de la Flor
Attorney for Plaintiff, STATE FARM GENERAL INSURANCE COMPANY

Dated: July 12, 2022

**BORDIN SEMMER**

By: ______________________________
Joshua Bordin-Wosk
Attorneys for Defendant, CVS Health Solutions. LLP

# EXHIBIT A

SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME: State Farm General Insurance Company v. CVS Health Solutions

CASE NO: 2:22-CV-03600

| Matter | Time | Weeks before trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| Trial (jury)(length 4 days) **(Tuesday)** | 8:30 am | | 10/10/23 | 10/10/2023 | |
| Pretrial Conference, LR 16; Hearing on Motions in Limine **(Monday)** | 3:00 pm | 4 | 9/11/23 | 9/11/23 | |
| Trial Documents (Set Two) **All Trials:** Lodge Pretrial Conference Order, LR 16-7; File Oppositions to Motions in Limine **Jury Trial Only:** File Agreed Set of Jury Instructions and Verdict Forms; Statement Regarding Disputed Instructions and Verdict forms | | 6 | 8/29/23 | 8/29/23 | |
| Trial Documents (Set One) **All Trials:** File Memo of Contentions of Fact and Law, LR 16-4; Exhibit & Witness Lists, LR 16-5, 6; Status Report Regarding Settlement; Motions in Limine (no more than five motions per side may be filed without Court permission) **Court Trial Only:** Lodge Findings of Fact and Conclusions of Law; LR 52; File Summaries of Direct Testimony (optional) | | 7 | 8/22/23 | 8/22/23 | |
| Last day to conduct ADR Proceeding, LR 16-15 | | 12 | 7/18/23 | 7/18/23 | |
| Last day to **hear** motions (except motion to amend pleadings or add parties and motions in limine), LR 7 **(Monday)** | | 14 | 7/03/23 | 7/03/23 | |
| Non-expert Discovery Cut-off | | 21+ | 5/16/23 | 5/16/23 | |
| Expert Disclosure (initial) | | | 3/21/23 | 3/21/23 | |
| Expert Disclosure (rebuttal) | | | 4/11/23 | 4/11/23 | |
| Expert Discovery Cut-off | | 21+ | 5/16/23 | 5/16/23 | |
| Last day to hear motion to amend pleadings or add parties **(Monday)** | | 32+ | 2/27/23 | 2/27/23 | |

LR 16-15 ADR Choice:

☐ 1. USMJ

☐ 2. Attorney Settlement Panel

☒ 3. Outside ADR

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 6100 Center Drive, Suite 1100, Los Angeles, California 90045.

On July 12, 2022, I served the within document(s) described as:

**AMENDED JOINT FULE 26(f) SCHEDULING CONFERENCE REPORT [F.R.C.P. RULE 26(f)]**

**DECLARATION OF DEFENDANT'S COUNSEL, ANDREI SERPIK, IN RESPONSE TO ORDER TO SHOW CAUSE RE SANCTIONS**

**DECLARATION OF ANDREW DE LA FLOR IN RESPONSE TO ORDER TO SHOW CAUSE RE: SANCTIONS**

on the interested parties in this action as stated on the attached mailing list.

☒ (BY ELECTRONIC MAIL/ECF) I caused such document to be electronically transmitted via United States District Court, Central District of California, which is then printed and maintained with the original documents in our office.

Executed on July 12, 2022, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Erin M. Woodard — Erin M. Woodard

**State Farm v. CVS**

**Case No. 2:22-CV-03600**

**CLIENT: CVS HEALTH SOLUTIONS, LLC**
**FILE NO.: 4525.001**

**SERVICE LIST**

| | |
|---|---|
| Andrew De La Flor, Esq.<br>WATKINS & LETOFSKY, LLP<br>2900 S. Harbor Blvd., Suite 240<br>Santa Ana, CA 92704<br><br>Tel: (949) 476-9400<br>Fax: (949) 476-9407<br>Email: adelaflor@wl-llp.com<br><br>*Attorneys for Plaintiff,*<br>*STATE FARM GENERAL INSURANCE COMPANY* | |